# McNamee, Lochner, Titus & Williams, P.C.

ATTORNEYS AT LAW

G. KIMBALL WILLIAMS

Direct Dial
(518) 447-3311

Direct Fax
(518) 867-4711

williams@mltw.com

June 30, 2015

**BY ECF FILING**

Hon. Christian F. Hummel
United States Magistrate Judge
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207-2936

      Re:   **National Life Insurance Company v. Gomez et al.
              Case 1:15-CV-00439 (MAD/CFH)**

Dear Judge Hummel:

      This office represents interpleader plaintiff National Life Insurance Company ("National Life") in this interpleader action brought to determine to which individual(s) the proceeds of a life insurance policy on the late Jane H. Gomez should be paid. I am writing to request a 60-day extension of time within which National Life may serve the interpleader complaint upon the guardian of the infant interpleader defendants (two of her grandchildren), for the parties to engage in mandatory disclosure and for the Rule 16 conference. I make this request for the following reason.

      Promptly after this complaint was filed, I contacted the attorney ad litem for the infants (who reside in Arkansas) to inquire as to whether he would accept service, as had the attorney for the other interpleader defendant (Jane Gomez' husband). The attorney ad litem said I would have to check with the bank in Arkansas which had been appointed guardian of the property of the infants. I did so and was advised by counsel for the bank that the bank would first have to obtain permission from the court in Arkansas to retain counsel in New York to prosecute the bank's claim for the insurance proceeds. She indicated that the court in Arkansas only considered such matters on specific dates but that she would bring it up with the court as quickly as possible. Although I have since then repeatedly followed up with the bank's counsel as to whether the bank had been authorized to accept service, she has not confirmed such authorization. However, last week she advised me that a family member was seeking to be

June 30, 2015
Page 2

appointed guardian for the infants in lieu of the bank. I have since spoken with the attorney ad litem who advises the bank has not opposed the substitution and that the substitution should occur once the family member submits a required affidavit -- but that, in the interim, the bank remains the guardian of the infants' property.

It is in these circumstances that I request a 60-day extension of time within which to serve the interpleader complaint on the bank (which was appointed and presently remains guardian of the infants' property and which submitted a claim for the life insurance proceeds in question), to engage in mandatory disclosure and to conduct the Rule 16 conference. I anticipate that once the present guardian is served and the anticipated new guardian is appointed, they will seek any necessary substitution pursuant to Rule 25, something to which my client would consent.

Respectfully submitted,

McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.

*G. Kimball Williams /s/*

G. Kimball Williams

GKW:slg
cc:   Kenneth V. Gomez, Esq.

{M0946924.1}