UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

NATIONAL LIFE INSURANCE COMPANY,

                  Interpleader Plaintiff

   -against-

ROBERT M. GOMEZ and FIRST COMMUNITY
BANK OF ARKANSAS AS LEGAL GUARDIAN
OF THE ESTATES OF TTO and CRO, MINORS,

                  Interpleader Defendants.
───────────────────────────────────────────

**ANSWER TO COUNTERCLAIM**

**Civil Action No. 15-CV-00439**

**MAD/CFH**

      Interpleader plaintiff, National Life Insurance Company ("National Life"), for its answer to the counterclaim of the interpleader defendant Robert J. Gomez, identified in the insurance application in question and therefore in the complaint as Robert M. Gomez, states as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

      4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

      5.    As to paragraph 46, admits that on or about December 13, 2007, in the presence of insurance agent Kiran Bora, Jane H. Gomez signed a written application for the policy, in which she initially designated Robert M. (not Robert J.) Gomez as the sole beneficiary.

6. Admits the allegation contained in paragraph 47 and refers the court to the report (entitled "Report from the Agent") in question for its content, meaning and legal significance.

7. As to paragraph 48, admits that the report in question made no reference to whether Jane H. Gomez wanted Robert M. (or Robert J.) Gomez or to the grandchildren to be contingent beneficiaries, and refers the court to the report in question for its content, meaning and legal significance.

8. Denies the allegation contained in paragraph 49.

9. Denies the allegations contained in paragraph 50.

10. Denies the allegation contained in paragraph 51.

11. As to paragraph 52, admits that the agent completed the report in question and refers the court to the report for its content, meaning and legal significance.

12. As to the allegation contained in paragraph 53, admits that the agent completed the report in question and refers the court to the report for its content, meaning and legal significance.

13. Denies the allegation contained in paragraph 54 and refers the court to the application in question for its content, meaning and legal significance.

14. As to paragraph 55, assuming that the word "produced" should read "provided" admits the allegations contained in this paragraph.

15. Admits the allegation contained in paragraph 56.

16. As to paragraph 57 admits that by December 18, 2007 at 4:02 p.m. the agent had provided the partially completed application to National Life.

17. As to paragraph 58 admits that National Life had received the partially completed application on or about December 18, 2007 at 11:35 a.m.

18. Admits the allegation contained in paragraph 59.

19. As to paragraph 60, neither admits nor denies the allegation of this paragraph which presents a question of law for the court.

20. As to paragraph 61, not knowing what is meant by the word contemporaneous, neither admits nor denies the allegation of this paragraph which presents a question of law for the court.

21. As to paragraph 62, not knowing what is meant by the word contemporaneous, neither admits nor denies he allegation of this paragraph which presents a question of law for the court.

22. Denies the allegations contained in paragraph 63.

23. As to paragraph 64, not knowing what is meant by the word contemporaneous, neither admits nor denies the allegation contained in this paragraph which presents a question of law for the court.

24. As to paragraph 65, not knowing what is meant by the word contemporaneous, neither admits nor denies the allegation contained in this paragraph which presents a question of law for the court.

25. Denies the allegations contained in paragraph 66.

26. Denies the allegations contained in paragraph 67.

27. Denies the allegations contained in paragraph 68.

28. Denies the allegations contained in paragraph 69.

29. Denies the allegations contained in paragraph 70.

30. As to paragraph 71, admits that National Life alleged that Jane H. Gomez signed a "Receipt for Policy" on or about March 25, 2008, denies that the receipt does not indicate what she received and refers the court to the receipt for its content, meaning and legal significance.

31. As to paragraph 72, admits that on or about December 18, 2007, National Life possessed part of the application in question, denies all other allegations contained in paragraph 72 and refers the court to the policy for its content, meaning and legal significance.

32. As to paragraph 73, admits that on or about March 25, 2008 (not 2007) National Life provided a copy of the policy to Jane H. Gomez, denies all other allegations contained in paragraph 73 and refers the court to the policy for its content, meaning and legal significance.

33. Admits the allegation contained in paragraph 74.

34. As to paragraph 75, admits that on or about March 25, 2008 Jane H. Gomez confirmed in writing her request to reduce the death benefit from $500,000 (not $750,000) to $385,997, and to that end the agent had her sign a Request to Amend a New Policy Application dated March 6, 2008, denies all other allegations contained in paragraph 75, and refers the court to the documents she then signed for their content, meaning and legal significance.

35. Admits the allegation contained in paragraph 76.

## FIRST AFFIRMATIVE DEFENSE

1. For the reasons set forth below, at all times National Life and agent Kiran Bora acted in good faith to implement the wishes and direction of its insured, Jane H. Gomez. All conditions precedent to payment of the insurance benefit proceeds have been satisfied and, but for the competing claims by Jane H. Gomez' husband (now identified as Robert J. Gomez) and the infants TTO and CRO, National Life would have paid the proceeds of the insurance policy. As alleged in the interpleader complaint, and supplemented here, the application National Life

received reflected that Robert M. (not Robert J.) Gomez's name had been crossed out, and Jane H. Gomez's grandsons TTO and CRO's names inserted, as beneficiaries. Moreover, on or about December 18, 2007, Robert Gomez sent an e-mail giving the correct spellings of the grandchildren's' last names, their full middle names, their correct dates of birth, and their physical address. (The agent's statement, in the 2013 Report of the Agent -- prepared years later from memory without all the relevant documents at hand -- that the e-mail was received on the same day as the application was taken, was in error). In January 2008 Jane H. Gomez provided additional medical information required for her application. In the underwriting process it was determined that, due to her health and being a smoker, she could not secure the $500,000 of coverage which she had sought for the premium she sought to pay, but instead secured $385,997 in coverage. The insurance policy which is the subject of this action was issued in March, 2008 and at all times it specified TTO and CRO, not her husband, as its beneficiaries. Although the policy and associated documents provided to her clearly recited that she should read it carefully, that it was a legally binding contract, and that she should advise National Life of any necessary changes, she never, from the time the policy was issued in 2008 until her death in 2013, either amended or attempted to amend its beneficiary designation.

SECOND AFFIRMATIVE DEFENSE

2. The counterclaim fails to state a claim upon which relief can be granted in whole or in part.

THIRD AFFIRMATIVE DEFENSE

3. Robert J. Gomez, never having been a party to, owner of or a third-party beneficiary of, the life insurance policy issued by National Life to Jane H. Gomez, lacks standing to assert a claim or counterclaim against National Life.

WHEREFORE, interpleader plaintiff National Life Insurance Company demands judgment dismissing the counterclaim of interpleader defendant Robert J. Gomez, identified in the application in question and in the interpleader complaint as Robert M. Gomez, together with costs, disbursements, attorney's fees and such other relief as the court deems proper.

Dated:   Albany, New York
          August 13, 2015

                              McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.

                              By:   _s/ G. Kimball Williams_____
                                      G. Kimball Williams, Esq.
                                      Bar Roll # 102827
                                      *Attorneys for Interpleader Plaintiff*
                                         *National Life Insurance Company*
                                      677 Broadway
                                      Albany, New York 12207
                                      518-447-3200

To:   Kenneth V. Gomez, Esq.
       Law Office of Kenneth V. Gomez
       600 Third Avenue, Suite 1500
       New York, NY  10016
       212-953-3500
       *Attorney for Defendant-Claimant Robert J. Gomez*

       Rosanna Vargas, Esq.
       Donald N. David, Esq.
       Akerman, LLP
       666 Fifth Avenue, 20th Floor
       New York, New York 10103
       (212) 880-3800
       *Attorneys for the Legal Guardian of the Estates of TTO and CRO, Minors*