UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATIONAL LIFE INSURANCE COMPANY,

                Interpleader Plaintiff,         Civil Action No. 15-CV-00439

    -against-

ROBERT J. GOMEZ and FIRST COMMUNITY
BANK OF ARKANSAS AS LEGAL GUARDIAN
OF THE ESTATES OF TTO and CRO, MINORS,

                Interpleader Defendants.

_____

**INTERPLEADER DEFENDANT'S MEMORANDUM OF LAW IN PARTIAL
OPPOSITION TO INTERPLEADER PLAINTIFF'S MOTION TO DEPOSIT POLICY
PROCEEDS INTO THE REGISTRY OF THE COURT AND FOR RELATED RELIEF**

Donald N. David
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel.  (212) 880-3800
Fax  (212) 880-8965
*Attorneys Interpleader Defendant
Raymond T. Hyer as Legal Guardian
of the Estates of TTO and CRO,
Minors*

## TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

INTERPLEADER DEFENDANT'S MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO INTERPLEADER PLAINTIFF'S MOTION TO DEPOSIT POLICY PROCEEDS INTO THE REGISTRY OF THE COURT AND FOR RELATED RELIEF .......................................... 1

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ........................................................................................ 2

ARGUMENT ........................................................................................................... 3

    I.    National Life Is Not Entitled To The Broad And Premature Injunctive Relief It Seeks And Any Dismissal Must Be Without Prejudice To Any Independent Claim of Liability Against National Life ...................................................................................................... 3

    II.    Interpleader Plaintiff Is Not Entitled To Attorney's Fees And Costs ............................ 7

CONCLUSION ........................................................................................................ 8

i

# TABLE OF AUTHORITIES

**Cases**

*American General Life Ins. Co. v. Soule,*
    2008 WL 4790654 (M.D.Fla. Oct. 27, 2008) .......................................................... 6

*Companion Life Ins. Co. v. Schaffer,*
    442 F. Supp. 826 (S.D.N.Y. 1997) .......................................................................... 6

*Feehan v. Feehan,*
    2011 WL 497852 (S.D.N.Y. Jan. 10, 2011) ............................................................ 6

*Guardian Life Ins. Co. v. Gilmore,*
    45 F. Supp. 3d 310 (S.D.N.Y. 2014)................................................................... 4, 6

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente,*
    2001 WL 11070 (S.D.N.Y. Jan. 4, 2001) ............................................................... 5

*Metropolitan Life Ins. Co. v. Jackson,*
    896 F.Supp. 318 (S.D.N.Y. 1995) .......................................................................... 7

*Metropolitan Life Ins. Co. v. Mitchell,*
    966 F.Supp. 97 (E.D.N.Y. 2013) ......................................................................... 6,7

*New York Life Ins. Co v. Apostolidis,*
    841 F. Supp. 2d 711 (E.D.N.Y. 2012) ................................................................. 4, 6

*New York Life Ins. Co. v. Aleandre,*
    2014 WL 30508 (S.D.N.Y Jan. 2, 2014) ................................................................ 6

*Semper v. Connecticut Mut. Life Ins. Co.,*
    1989 WL 106012 (E.D.N.Y. Sept. 8, 1989) ........................................................... 7

*Travelers Indem. Co. v. Israel,*
    354 F.2d 488 (2d Cir. 1985)................................................................................... 7

*William Penn Life Ins. Co. of New York v. Viscuso,*
    569 F.Supp.2d 355 (S.D.N.Y. 2008)....................................................................... 5

**Statutes**

28 U.S.C. § 1335................................................................................................................ 3

28 U.S.C. § 2361................................................................................................................ 3

**INTERPLEADER DEFENDANT'S MEMORANDUM OF LAW IN PARTIAL
OPPOSITION TO INTERPLEADER PLAINTIFF'S MOTION TO DEPOSIT POLICY
PROCEEDS INTO THE REGISTRY OF THE COURT AND FOR RELATED RELIEF**

Interpleader Defendant, RAYMOND T. HYER AS LEGAL GUARDIAN OF THE
ESTATES OF TTO and CRO, MINORS ("Interpleader Defendant" or "Hyer"), by and through
his attorneys, AKERMAN LLP, respectfully submits this Memorandum of Law in Partial
Opposition to the Motion to Deposit Policy Proceeds into the Registry of the Court and for
Related Relief (the "Motion"), dated January 11, 2016, filed by Interpleader Plaintiff National
Life Insurance Company ("National Life").

## PRELIMINARY STATEMENT

National Life's Motion asserts a sweeping request for relief to which, at least in part, it is
not entitled.  While Interpleader Defendant does not object to National Life's request to entrust
the proceeds of National Life Policy Number NL2410927 (the "Policy") to the Court, pending
this Court's resolution of Interpleader Defendant Robert J. Gomez's ("Gomez") unfounded,
competing claim to the proceeds, Interpleader Defendant Hyer objects to (i) National Life's
overbroad and premature request for a complete discharge from liability and a permanent
injunction barring future claims against National Life, and (ii) National Life's request for
attorney's costs and fees.  As set forth below, these requests for relief must be denied.  Any
dismissal of National Life from this action must be limited to liability with respect to payment of
deposited proceeds only, and must be made without prejudice to any independent claim of
liability that may be asserted against National Life at a later stage in the proceedings after
discovery and, possibly, rulings of this Court which may clarify its perspective on actions taken
by National Life and its agents.  Additionally, National Life's claim to attorney's fees is
unfounded and contrary to the settled law of this Circuit.

1

## STATEMENT OF FACTS

The facts relevant to this motion are briefly summarized as follows.   In or around December 2007, Decedent Jane H. Gomez ("Decedent") applied for a policy of life insurance (the "Application"), meeting with National Life representatives Kiran Bora ("Bora") and Gary Scofield.  (Dkt. No. 30-9, ¶¶ 1, 3).   Decedent initially listed her husband, Gomez, as beneficiary, but subsequently, during the very same visit, instructed the agents taking the Application to list her minor grandchildren, TTO and CRO, as beneficiaries instead.  (*Id.*, ¶¶ 10-13).   Consistent with Decedent's wishes, Gomez provided identifying information required under the Application for the minor grandchildren to the agents.  (*Id.*, ¶¶ 20-22).   Gomez did not provide this information for himself.  (*Id.*, ¶ 25).

Bora crossed out the initial reference to Gomez in the application, listed the minor grandchildren as beneficiaries, initialed the Application, and processed it.  (*Id.*, ¶ 23).   The Application received by National Life listed the minor grandchildren as beneficiaries, with all necessary identifying information, and the Policy issued "in consideration" of the Application named them beneficiaries.  (*Id.*, ¶¶ 24-31, 37-40).   Decedent signed for receipt of the Policy and paid all premiums pursuant to it for a number of years, thereby acknowledging its terms.  (*Id.*, ¶¶ 42-44, 50).   At the time of Decedent's death in 2013, the Policy was in force and Decedent had never made any attempt to change its beneficiary designation in writing.  (*Id.*, ¶¶ 49-51).   Similarly, while Decedent was still alive and capable of manifesting her will, Gomez never challenged the listing of her grandchildren as the beneficiaries of the Policy.

Only subsequent to Decedent's passing, did Gomez for the first time claim entitlement to the proceeds of the Policy, asserting he was the proper beneficiary, resulting in this interpleader action.  While Gomez does not assert an independent claim against National Life, Gomez' claims in this action challenge the propriety of National Life's actions in issuing the underlying Policy.

2

(*See, generally,* Dkt. 19, Affirmative Defenses and Counterclaims, ¶¶ 32-114, asserting National Life's actions regarding the Application violated applicable law and contractual terms.)

It is Interpleader Defendant Hyer's position that the Policy was properly issued and by its terms requires payment of the proceeds to the minor grandchildren; accordingly, Hyer has filed a Cross-Motion for Summary Judgment claiming entitlement to the Policy proceeds on behalf of the minor grandchildren.  (Dkt. No. 30).  Pursuant to the Court's Text Order of January 27, 2016, Gomez' Opposition to such motion is due February 24, 2016, and Hyer's Reply is due March 10, 2016.  Interpleader Defendant Gomez has indicated through his counsel that he also intends to file a cross motion for summary judgment, and his request for an amended briefing schedule for his cross motion has been briefed via letter submissions to the Court and is currently *sub judice*. (Dkt. Nos. 27-29).  It is these factual and procedural circumstances that render National Life's broad, sweeping request for relief inappropriate.

## ARGUMENT

### I.   National Life Is Not Entitled To The Broad And Premature Injunctive Relief It Seeks And Any Dismissal Must Be Without Prejudice To Any Independent Claim of Liability Against National Life

National Life seeks overbroad and premature relief in its Motion.  National Life requests, pursuant to 28 U.S.C. §§ 1335 and 2361, an order "discharging it from *any* liability to Ms. Gomez's estate, husband, grandsons or their guardians (and permanently enjoining them from bringing any further or future claim under the policy or for the proceeds."  (Motion at 4) (emphasis added).  This request is beyond the scope of the relevant statute, as well as premature, given the stage of this litigation.

28 U.S.C. § 2361 provides in relevant part:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court *may ... enter its order restraining [all claimants] from instituting or prosecuting any civil proceeding* in any

>State or United States court ***affecting the property, instrument or obligation involved in the interpleader action*** until further order of the court.

>Such district court shall hear and determine the case, and ***may discharge the plaintiff from further liability, make the injunction permanent,*** and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361. (emphasis added).  Under this statute, a Court in its sound discretion ***may*** enter an injunction to prevent rival claimants from advancing competing claims to insurance proceeds in multiple litigations, and discharge the interpleader plaintiff from liability as to the proceeds deposited with the court's register.  *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310,  320 (S.D.N.Y. 2014).  Then, after it has had the opportunity to "hear and determine" the case, a court may make such injunctive relief permanent or discharge the interpleader plaintiff from further liability.  28 U.S.C. § 2361.

National Life's request for relief is overbroad in that it requests an injunction and a discharge of liability that is unnecessary and beyond the scope contemplated by statute. Injunctive relief, of any sort, is not necessary here to prevent the rival claimants from instituting competing proceedings against National Life to recover the Policy proceeds.  Neither of the Interpleader Defendants dispute that this interpleader action is appropriate, and neither has sought to commence a parallel suit to recover the Policy proceeds.  To the contrary, the Interpleader Defendants have agreed to cross-move for summary judgment against one another within this interpleader action as to which is entitled to the funds at issue.

Moreover, National Life's request that the Court enjoin "any" claim and discharge "any" liability goes beyond the bounds of the statute.  Section 2361 permits discharging an interpleader plaintiff who has deposited interpleader funds with the court from liability with ***respect to those funds***; however, it does not contemplate summarily absolving an interpleader plaintiff of independent liability that it may owe to the interpleader defendants.  *See New York Life Ins. Co v.*

*Apostolidis*, 841 F. Supp. 2d 711, 720 (E.D.N.Y. 2012) (The interpleader statute "authorizes a district court to discharge the [interpleader plaintiff] from further liability to claimants … unless it finds that the stakeholder may be independently liable to a claimant.")  Where a claim of independent liability against the interpleader plaintiff exists, the court "may discharge the plaintiff from liability on the [stake]" but "retain[s] jurisdiction over the plaintiff for purposes of adjudicating the [independent claim of liability]." *William Penn Life Ins. Co. of New York v. Viscuso*, 569 F.Supp.2d 355, 361 (S.D.N.Y. 2008); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente*, 2001 WL 11070 (S.D.N.Y. Jan. 4, 2001) (discharging interpleader plaintiff from liability as to deposited funds, but refusing to dismiss from case due to counterclaim asserting independent liability).

Here, it is unclear if National Life has independent liability to Interpleader Defendants, and the Court therefore cannot issue a complete discharge of liability at this time.  Gomez has asserted allegations challenging the legal and procedural propriety of the Application process (*see, generally,* Dkt. 19, Affirmative Defenses and Counterclaims, ¶¶ 32-114), allegations which he will likely rely upon to support both his opposition to Hyer's cross-motion for summary judgment and his own cross-motion.  Hyer believes these contentions are meritless (and does not concede that any of the alleged improprieties in the Application process are of any legal import), but the Court will ultimately be faced with determining the validity, if any, of those claims.

It is Hyer's position, one which he believes will prevail at summary judgment, that National Life issued a binding and effective Policy that names the minor grandchildren as its beneficiaries and must be enforced according to its terms.  (*See, generally*, Dkt. No. 30-10).  Nevertheless, in the event Gomez is able to raise a dispute of fact or law based on his allegations, and the case proceeds to discovery, discovery may reveal defects in National Life's process in

issuing the Policy which will thwart what everyone concedes was the policyholder's intent. Ultimately, such defects may be found to have been the cause of the conflicting claims at issue and the cause of any diminution in value TRO and CRO may suffer with respect to their expected benefits under the Policy.  Consequently, as this case progresses, claims of negligence and other causes of action on behalf of the minor grandchildren may arise against National Life.

Because it cannot be determined at this time that National Life has no independent liability, and alleged acts on the part of National Life suggest that such claims are possible, it would be inappropriate to grant National Life a complete discharge of liability at this stage.  The Court, therefore, should reject this request as premature.  *See Companion Life Ins. Co. v. Schaffer*, 442 F. Supp. 826, 829 (S.D.N.Y. 1997) (holding that interpleader plaintiff who "may be … independently liable … should remain in the proceeding to answer to any claim … which discovery may bring to light."); *see also American General Life Ins. Co. v. Soule*, 2008 WL 4790654, at *3 (M.D.Fla. Oct. 27, 2008) (in which the Court declined to discharge interpleader plaintiff insurance company from the action, on the grounds that interpleader defendants asserted that its actions "caused the conflicting claims" and that it "may be independently liable" to the interpleader defendants.)

Accordingly, while Hyer does not object to permitting National Life to deposit the Policy proceeds with this Court, and to dismissing National Life solely with respect to liability regarding those proceeds, such dismissal must be without prejudice to any independent claim of liability against National Life that may arise as this interpleader action progresses.  National Life's broad request for permanent injunctive relief barring not only claims regarding the proceeds, but also the Policy itself, must therefore be denied.

## II.      Interpleader Plaintiff Is Not Entitled To Attorney's Fees And Costs

National Life is likewise not entitled to its attorney's fees and costs.  Courts in the Second Circuit "have typically declined to award insurance companies attorneys' fees and costs in interpleader actions." *Feehan v. Feehan*, 2011 WL 497852, * 7 (S.D.N.Y. Jan. 10, 2011); *see, e.g., Guardian Life*, 45 F.Supp. 3d at 320 (declining to award attorney's fees in interpleader action); *New York Life Ins. Co. v. Aleandre*, 2014 WL 30508 (S.D.N.Y Jan. 2, 2014) (same); *Metropolitan Life Ins. Co. v. Mitchell*, 966 F.Supp. 97 (E.D.N.Y. 2013); *Apostolidis*, 841 F. Supp. 2d at 721 (same); *Metropolitan Life Ins. Co. v. Jackson*, 896 F.Supp. 318 (S.D.N.Y. 1995); *Semper v. Connecticut Mut. Life Ins. Co.*, 1989 WL 106012 (E.D.N.Y. Sept. 8, 1989) (same). Nothing in the instant matter warrants departure from this long-standing practice.

Contrary to National Life's assertion that attorney's fees are only declined in "egregious" cases (Motion at 4 fn. 1), the settled opinion of the courts of the Second Circuit is that bringing interpleader actions to resolve conflicting claims are "part of [insurance companies'] ordinary cost of doing business," one that they cannot "transfer" to "their insured by bringing an action for interpleader." *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1985).  As one court explained, "conflicting claims to the proceeds of a policy are inevitable and normal risks of the insurance business.  Interpleader relieves the insurance company of multiple suits and eventuates in its discharge. Accordingly such actions are brought primarily in the company's own self-interest." *Mitchell*, 966 F.Supp. at 105 (internal quotations and alterations omitted). Where the interpleader action is not complex, and does not require the provision of unique services or the incurring of unique expense, attorney's fees and costs are not appropriate. *Id*.

As evidenced by the declaration of G. Kimball Williams (the "Williams Dec.") accompanying the Motion, this is exactly the sort of simply interpleader action in which Second Circuit courts routinely decline to award attorney's fees and costs.  Faced with two conflicting

claimants, National Life filed this Interpleader Action.  (Williams Dec., ¶ 2).  The action is in its nascent stages, with the interpleader defendants having filed their respective answers, with counterclaims in the case of Gomez, and National Life having filed its answer to Gomez' counterclaims.  (*Id*., ¶¶ 5-7).  National Life has made no showing that this matter has involved any atypical, complex issues or proceedings, that it does not regularly address conflicting claims to policy proceeds, or that it has incurred any extraordinary expenses or been required to obtain unique services.  Moreover, it bears note that the alleged improprieties in National Life's procedures in issuing the Policy form the basis of Gomez' claim.  Consequently, this is a dispute arguably of National Life's own make.  It would be wholly inappropriate for National Life to shift the costs of an interpleader action necessitated by its own actions to the insured. Regardless, National Life's claim for attorney's fees and costs is unfounded, and the weight of authority compels its denial.

### CONCLUSION

For all the foregoing reasons, Interpleader Defendant Hyer respectfully requests that the Court deny National Life's Motion to the extent it seeks (i) reimbursement of attorney's fees and costs, (ii) a complete discharge from any further liability to the Interpleader Defendants, and a (iii) permanent injunction barring any further or future claim against National Life under the Policy or the proceeds.  Hyer does not oppose National Life's Motion to the extent it (i) seeks to deposit the Policy proceeds into the Court registry and (ii) seeks dismissal from this case as it relates to liability with respect to payment of the deposited proceeds, provided any such dismissal is without prejudice to any claims for which National Life may be revealed to be independently liable.

Dated: New York, NY
       January 29, 2016

AKERMAN LLP

By: _____ /NTH
         Donald N. David
666 Fifth Avenue
New York, NY 10103
(212) 880-3800
(212) 880-8965 (fax)
*Attorneys for Interpleader Defendant*
*Raymond T. Hyer as Legal Guardian*
*of the Estates of TTO and CRO,*
*Minors*

9